HEANEY, Circuit Judge,
dissenting.
I concur in the majority’s holding that the Secretary was entitled to limit pass-through reimbursement for clinical or classroom costs to those programs that were directly operated by the hospital. I respectfully dissent, however, from that portion of the opinion that holds that Baptist Health, through its subsidiary Baptist Memorial, does not qualify for such reimbursement.
Baptist Health is a single corporation. It owns and operates both Baptist Memorial and the Baptist School of Nursing. Baptist Memorial does not maintain its own board of trustees or have separate corporate officers. It does not operate independently whatsoever; it is merely a wing of Baptist Health. Likewise, Baptist Health’s board of trustees controls the operations of the nursing school, and Baptist Health holds the nursing school’s license. Baptist Health has but one tax identification number, shared by all of its subsidiaries.
Given the above evidence, I cannot agree that Baptist Memorial is a separate entity from Baptist School of Nursing. Baptist Health owns both. In my view, the direct link between the two provided by their' common ownership and operation qualifies Baptist Memorial as a direct provider of the nursing program. Indeed, the two subsidiaries appear to have believed as much: when Baptist Memorial agreed to host the nursing school’s programs, it did so through a memorandum of agreement rather than, a contract, since the signatories for each subsidiary would have been the same. Thus, although I agree that we accord the Secretary’s findings deference, substantial evidence simply does not support the view that the nursing program was not provider operated.